UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUY C. RAYMOND**, | : |
| Plaintiff, | : |
| v. | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** <br> 300 Seventh St., S.W. <br> Washington, DC 20024 | : Civil Action No. 25-cv-373 <br><br> : TRIAL BY JURY DEMANDED |
| Defendant. | : |

## COMPLAINT

COMES NOW, the Plaintiff, Guy C. Raymond ("**Mr. Raymond**" or "**Plaintiff**"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, Washington Metropolitan Area Transit Authority ("**WMATA**" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff at all times relevant hereto was a resident of the Commonwealth of Virginia.

2. Defendant WMATA commonly referred to as Metro, is a tri-jurisdictional government agency that operates transit service int eh Washington metropolitan area. WMATA's stated mission is "to provide the public with an efficient, affordable and safe means of travel, under the District's Department of Transportation (Transit Delivery Division) …" and its principle office's address is 300 Seventh St. S.W. Washington, DC 22024.

### Jurisdiction and Venue

3. This action is brought by Plaintiff for damages and injunctive relief on account of

1

Defendant's violations of the Rehabilitation Act ("Rehab Act"), disability discrimination and failure to accommodate.

4. This action is also brought for injunctive relief under the Americans With Disabilities Act ("ADA") by failing to accommodate Plaintiff as prohibited by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

6. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § §12117(a). Washington Metro Area Transit Authority's principal offices are located in the District of Columbia.

**7.** Plaintiff has satisfied all of the procedural and administrative requirements, in particular Plaintiff filed an EEOC charge in or around 2024, and, was issued a notice of right to sue on November 11, 2024, which he received shortly thereafter.  The EEOC charge no. is 570-2024-03995.[1]

## Statement of Facts

8. Plaintiff has been employed by WMATA for approximately 28 years, retiring March 29, 20219. Then, returned in or around December 2021 where he has continues as an employee to present.

9. Plaintiff is a WMATA bus services employee.

10. While away from WMATA, Plaintiff has been prescribed and obtained hearing aids.

11. Plaintiff's hearing loss is indicated as mild to borderline in his left ear and mild to moderate

---

[1] There was a prior EEOC charge related to the prior year, which has been filed and is in active litigation in this Court.  Plaintiff believes these matters are interrelated and that consolidation is likely the most efficient way to process these matters.

in his right ear.

12. Since returning, Plaintiff has been encountering escalating problems with regards to this hearing, the hearing aids, and obtaining his WMATA-issued Medical Examiners Certificate (DOT credentials).

13. The crux of this matter is that WMATA has been routinely escalating the stringency of the alleged requirements for issuance of his DOT credentials based on the Medical Examiners Certificate.

14. Despite repeated requests for accommodation to simply follow DOT regulations and their own policies as indicated in the handbook, WMATA has instead decided to use an ever increasing and inconsistent procedure for Plaintiff to endure in order to obtain his DOT credentials.

15. All the while, forcing unnecessary additional testing and threatening him with medical disqualification if he does not comply.

16. Despite passing a whisper test without hearing aids each year, Plaintiff ahs been made to do an additional audiometric test. In addition, his credentials have been restricted to require an annual retest, instead of the standard 2 years.

17. As indicated in the prior lawsuit, in August 29, 2023, Plaintiff was given a whisper test, which he passed (without the use of hearing aids). Thereafter, he was informed that he could not get his DOT card without additionally passing TWO separate audiogram tests. One with his hearing aids and one without. This was the first year this had ever been required.

18. Plaintiff again raised concern to WMATA personnel that this was not required.

19. Thereafter, Plaintiff struggled to get a professional to do an audiogram test with hearing aids in, as they all said that was unusual and they did not do that.

20. Thereafter, Plaintiff received a threatening letter dates September 6, 2023, indicating he

would be medically disqualified from his position if with WMATA if he did not comply.

21. After hours and hours, dozens of calls and emails, Plaintiff eventually gets both finishes all testing and submits them in or around September 26, 2023, including two audiometric tests.

22. Notably, Plaintiff passed both audiometric tests without a hearing aid. Thus, it begs the question, why in the world he would need to take it WITH a hearing aid as well?!?

23. To add insult to injury, Plaintiff was issued a restricted DOT credentials good only for one year, instead of two. This had occurred in all the years prior as well.

24. However, normal procedure is that the DOT credentials should be good for two years.

25. In addition, Plaintiff's DOT credentials were issued with a restriction that he MUST wear his hearing aids at all times. This was issued despite Plaintiff passing both a whisper test and audiometric test WITHOUT a hearing aid.

26. WMATA Bus Services Employee's handbook states, in section 3.4.1.2:

"that you must have in your possession a valid WMATA-issued Medical Examiners Certificate (DOT credentials). Issued in accordance with Federal Motor Safety Regulations (49 CFR391.412 through 391.49)."

27. Section 49 CFR391.41(b)(11) states that you pass the hearing test if you "First perceive a forced whispered voice in the better ear at not less than 5 feet with or without the use of a hearing aid [("whisper test")] or, if tested by use of an audiometric device, does not have an average hearing loss in the better ear greater than 40 decibels at 500 Hz, 1,000 Hz, and 2,000 Hz with or without a hearing aid when the audiometric device is calibrated to American National Standard. [("audiometric test")]"

28. Further, FMCSA form MCSA-5875 states:

"Instructions for Completing the Medical Examination Report Form (MCSA-5875)(Doctors

instructions) Hearing: The current hearing standard is provided on the form. Hearing can be tested using either <u>a whisper test or audiometric test</u>. Record the test results in the corresponding section for the test used." (Page 7)(emphasis added).

29. Notably, by regulations and their own handbook, the hearing test can be conducted by either 1.) a whisper test, or, 2.) an audiometric test. Both are not required, only one or the other.

30. Further, both tests can be conducted <u>with or without</u> the use of hearing aids.

31. Finally, there is no regulation or other requirement to force an audiogram annually, or, to indicate a restriction for 1 year, or, to require hearing aids while working for those who pass without a hearing aid.

32. However, as Plaintiff, is forced year after year to endure an increasingly inconsistent and unprecedented requirement for his DOT credentials or to otherwise be deemed medically disqualified.

33. As a result of Defendant's disability discrimination and/or failure to accommodate, Plaintiff has suffered and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering. All of which exist only because of Plaintiff's disability.

ADDITIONAL FACTS RELEVANT TO THE NEW EEOC CHARGE AND CLAIMS

34. On July 17, 2024 Plaintiff was scheduled for a DOT exam at 9a.m. Plaintiff was forced to take the exam about two hours away, located approximately 50 miles from his home, which forced him to take an unpaid day off work.

35. At this examination, the technician, Eryn Paugh (Spelling?) did a preliminary test. The test was an Audiometric Exam **WITHOUT** use of hearing aids. Plaintiff **PASSED**.

36. However, shortly thereafter, Plaintiff was informed that they were not going to accept it, as Plaintiff should not have been allowed to take it. They then insisted that the examination be

5

done as a Whisper Test. They then attempted to provide a whisper test, but the technician was having difficulty and the examination was interrupted repeatedly by another physician. As such, the examination was eventually halted.

37. As a result, Plaintiff was becoming extremely frustrated.

38. At the conclusion, Plaintiff was advised that he had failed the hearing, eyesight, and Blood pressure.[2]

39. Regarding the hearing aids, Plaintiff was advised he would need to get another examination with and without the hearing aids to pass.

40. On August 1, 2024, Plaintiff saw Dr. Reese of Kaier Permanente in Tysons Corner for an audiological exam. Plaintiff passed the test without the use of hearing aids. Plaintiff was also cleared for use with hearing aids.

41. All information was faxed to WMATA through their agents at Concentra.

42. Then on August 5, 2024, Plaintiff received a voicemail that indicated that he could come pick up his DOT card as he had been cleared by the provider.

43. Again, Plaintiff was forced to drive out to sterling, VA.

44. Upon arrival, Plaintiff was put in a room and forced to wait 2 hours. Eventually, he was told that because he did not pass (the incomplete Whisper test) on July 17, 2024 he was now required to take the complete DOT exam again and that he could arrange it through WMATA.

45. On August 6, 2024, Plaintiff reported the issue to his direct supervisor and advised him what was going on.

46. Plaintiff's supervisor indicated that Plaintiff was actually listed as MEDICALLY

---

[2] The allegations regarding blood pressure and eyesight were meritless and later resolved entirely without further issue.

6

DISQUALIFIED from his position due to NOT MEETHING DOT STANDARDS and that he should not have been able to work after that date. He was also informed he could not work until he got the DOT evaluation completed.

47. On August 8, 2024, Plaintiff returned again to WMATA's provider through Concentra and again completed the DOT exam.

48. Plaintiff again PASSED the examinations.

49. WMATA is forcing unnecessary and improper standards upon Plaintiff.

50. Again, even when Plaintiff was given his DOT card, he was indicated as having to repeat the examination annually, instead of bi-annually. In addition, it was indicated that he had to wear his hearing aids, despite passing WITHOUT his hearing aids.

## COUNT I
### Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

51. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

52. Plaintiff has a disability that is known to Defenant.

53. Plaintiff provided Defendant with notice of this disability on several occasions, and Defendant was aware of the disability.

54. Defendant and the Department of Transportation have published guidelines relating to medical clearances and testing requirements related to hearing loss.

55. Plaintiff has been the subject of disability discrimination and a failure to accommodate his disability.

56. Plaintiff has repeatedly requested that Defendant follow the published procedures.

57. Defendant's have refused and have changed the requirements and escalated them year

after year.

58. In addition, Defendant's have required hearing aids be worn at all times, even though Plaintiff passed both a whisper test and audiometric test without the need for hearing aids.

59. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

60. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

61. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress.

62. As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

63. Plaintiff is not seeking damages under the ADA. Plaintiff's claims are limited to injunctive relief, attorney fees, and costs under the ADA.

64. Plaintiff is requesting injunctive relief that his DOT credentials be issued without restriction, to include that they last for the full two years, and, that the requirement that he must wear his hearing aids be removed.

65. Plaintiff is requesting injunctive relief that WMATA must file published policies and not create inconsistent and artificial policies, specifically, 1. To require testing no more than every

two years, 2. To require Plaintiff (or anyone else suffering form hearing loss who works for WMATA) to EITHER pass a.) a whisper test (with or without a hearing aid) or, b. an audiometric test (with or without a hearing aid), and 3. To only place restrictions on a DOT credential that is reflective of the needs of the employee with hearing loss (i.e. if they only pass with hearing aids, then they are required to have hearing aids, but if they pass without hearing aids they are not required to have hearing aids in).

## COUNT 2
### Disability Discrimination and Failure to Accommodate in Violation of Section 504 of the Rehabilitation Act of 1973; 29 U.S.C. § 794(a)

66. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

67. Defendant is a recipient of federal funding. 42 U.S.C. § 2000d-7(a)(1)

68. Plaintiff has a disability that is known to Defenant.

69. Plaintiff provided Defendant with notice of this disability on several occasions, and Defendant was aware of the disability.

70. Defendant and the Department of Transportation have published guidelines relating to medical clearances and testing requirements related to hearing loss.

71. Plaintiff has been the subject of disability discrimination and a failure to accommodate his disability.

72. Plaintiff has repeatedly requested that Defendant follow the published procedures.

73. Defendant's have refused and have changed the requirements and escalated them year after year.

74. In addition, Defendant's have required hearing aids be worn at all times, even though Plaintiff passed both a whisper test and audiometric test without the need for hearing aids.

75. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

76. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

77. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to is damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

78. As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

79. Additionally, Plaintiff is requesting injunctive relief that his DOT credentials be issued without restriction, to include that they last for the full two years, and, that the requirement that he must wear his hearing aids be removed.

80. Plaintiff is requesting injunctive relief that WMATA must file published policies and not create inconsistent and artificial policies, specifically, 1. To require testing no more than every two years, 2. To require Plaintiff (or anyone else suffering form hearing loss who works for WMATA) to EITHER pass a.) a whisper test (with or without a hearing aid) or, b. an audiometric test (with or without a hearing aid), and 3. To only place restrictions on a DOT credential that is reflective of the needs of the employee with hearing loss (i.e. if they only pass

with hearing aids, then they are required to have hearing aids, but if they pass without hearing aids they are not required to have hearing aids in).

## COUNT III - RETALIATION
**(Pursuant to Section 504 of the Rehabilitation Act of 1973; 29 U.S.C. § 794(a) and the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.)**

81. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

82. Defendant is a recipient of federal funding. 42 U.S.C. § 2000d-7(a)(1)

83. Plaintiff has a disability that is known to Defendant.

84. Plaintiff provided Defendant with notice of this disability on several occasions, and Defendant was aware of the disability.

85. Defendant and the Department of Transportation have published guidelines relating to medical clearances and testing requirements related to hearing loss.

86. Plaintiff has been the subject of disability discrimination and a failure to accommodate his disability.

87. Plaintiff has repeatedly requested that Defendant follow the published procedures.

88. Defendant's have refused and have changed the requirements and escalated them year after year.

89. In addition, Defendant's have required hearing aids be worn at all times, even though Plaintiff passed both a whisper test and audiometric test without the need for hearing aids.

90. At this point, the Defendant's are escalating their failure to follow their own protocols and to accept the DOT guidelines.

91. Plaintiff is being punished for having challenged and complained about the prior years actions, and is now being subjected to even worse treatment.

92. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

93. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

94. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to is damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

95. As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

96. Additionally, Plaintiff is requesting injunctive relief that his DOT credentials be issued without restriction, to include that they last for the full two years, and, that the requirement that he must wear his hearing aids be removed.

97. Plaintiff is requesting injunctive relief that WMATA must file published policies and not create inconsistent and artificial policies, specifically, 1. To require testing no more than every two years, 2. To require Plaintiff (or anyone else suffering form hearing loss who works for WMATA) to EITHER pass a.) a whisper test (with or without a hearing aid) or, b. an audiometric test (with or without a hearing aid), and 3. To only place restrictions on a DOT credential that is reflective of the needs of the employee with hearing loss (i.e. if they only pass

with hearing aids, then they are required to have hearing aids, but if they pass without hearing aids they are not required to have hearing aids in).

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf against Defendant;

B. Order that Defendant must file and follow published policies and not create inconsistent and artificial policies, specifically, 1. To require testing no more than every two years, 2. To require Plaintiff (or anyone else suffering form hearing loss who works for WMATA) to EITHER pass a.) a whisper test (with or without a hearing aid) or, b. an audiometric test (with or without a hearing aid), and 3. To only place restrictions on a DOT credential that is reflective of the needs of the employee with hearing loss (i.e. if they only pass with hearing aids, then they are required to have hearing aids, but if they pass without hearing aids they are not required to have hearing aids in).

C. Award Plaintiff compensatory damages, pursuant to 504 of the Rehabilitation Act;

D. Award Plaintiff compensatory damages, pursuant to the ADA;

E. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

F. Declare that Defendant's conduct is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*;

G. Declare that Defendant's conduct is in violation of Section 504 of the Rehabilitation Act of 1973 and 29 U.S.C. § 794(a)

H. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom of failing to accommodate and to engage in the interactive process to further

rights afforded to individuals who exercise or who attempt to exercise their rights under the ADA and Rehab Act;

I. Order that Defendants be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

J. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By Counsel

/s/ Dirk McClanahan
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile: (703) 828-0205
Email: dmcclanahan@mcplegal.com
*Counsel for Plaintiff*